GORDON v. GORDON.

1. Testator devised his lands to his two sons and their heirs, but if either died without issue then living, these lands were given to the survivor, and if the survivor died without issue then living, they were to pass to the other children of testator. *Held*, that this was a fee defeasible, and on the death of one son leaving issue, his share did not pass to the survivor, and on the death of the survivor without issue, his share passed to his heirs, and not to the issue of his deceased brother or to the other children of testator, as remaindermen under the father's will—for in neither case had the double contingency happened upon which the fee was to be defeated.

2. Testator bequeathed nothing to his daughter, A, gave a sum of money absolutely to his son, B, and made bequests to his daughters, C and D, with limitations over. He then, in a separate clause, bequeathed all the rest of his personal estate to his children, E, F, G, and H, "for and during their natural lives, with remainder to such child or children as either of them should leave living at the time of his or her death, respectively, as to his or her share; and if either of my said four chil-

dren should die without leaving issue living at the time of his or her death, then his or her share to go to the survivors, and if the last survivor should die without leaving issue living at the time of his or her death, then I give the estate and property hereby given to them to my . other children herein named, share and share alike, subject to the same limitations as is provided in the bequests given to them, respectively." C, D, and E died, leaving issue ; F, G, and H afterwards died without issue. *Held*, that E's share passed to his issue, F's and G s share to H, and H's share (she being the last survivor) to the children of C and D, A being excluded because not named in the will, B because no limitation was attached to his bequest, and C's issue because C was named only in this clause, the intention being that "*other* children *herein* named" should include only such as were named in the will and not in that clause.

3. The language of this will, in both of the clauses above construed, shows that the testator did not intend to give cross-remainders to the issue of his children named in those two clauses.

4. An order requiring an administratrix to account for the estate of her intestate, is broad enough to require an accounting of personal property held by the intestate for his life only.


Before FRASER, J., Abbeville, January, 1889.


This was an action by Jane L. Gordon, as administratrix of R. T. Gordon, deceased, and in her own right, against Mary W. Gordon and others, commenced May 30, 1888. The action required the construction of the 7th and 8th clauses of the will of R. C. Gordon, which was as follows :

In the name of God, amen ! ! ! I, Robert C. Gordon, of the District of Abbeville and State aforesaid, being weak in body, but of sound and disposing mind, memory, and understanding, and being desirous of disposing of the property and estate with which God hath blessed me, do make this my last will and testament, hereby revoking all wills by me heretofore made.

1. My will is that all my just debts be paid.

2. My will and desire is, and I do order and direct, that my wife, Rebecca, be handsomely supported and maintained during her natural life, and I charge my executors specially to see that this provision be faithfully carried out.

3. I give and bequeath unto my daughter, Rosa Ann, wife of James McCord, for her sole and separate use, not in any way sub-

ject to the control of her husband, for and during her natural life, and at her death to her children, the sum of one thousand dollars and the entire debt due to me from the said James McCord, which is now in suit, to be paid to the said Rosa Ann, or any person whom she may choose to act as trustee for her.

4. I give and bequeath to my son, Ezekiel Evans Gordon, five hundred dollars.

5. I give and bequeath unto my daughter, Rebecca Eveline, wife of Leroy C. Wilson, the entire debt now due to me from her husband, secured by mortgage on his land, and the sum of eight hundred dollars, to be paid to her by my executors, to be for her use during her natural life, and at her death to be divided equally between her children which she may leave at the time of her death.

6. I give and bequeath to my granddaughter, Jane Watt Wilson, five hundred dollars, to be paid for her schooling, as it may be needed, if so much be necessary; but if so much be not needed for schooling, then all not expended in schooling, with the interest thereon, to be paid to her when she comes of age or marries.

7. I give, devise, and bequeath unto my two sons, James and Robert Thomas, all my lands and real estate, to them and their heirs; but if either of my said sons should die without issue living at the time of his death, then I give his part of the lands to the survivor, and if the survivor should die without leaving issue at the time of his death, then that I give the same to my other children, subject to the same limitations as is provided as to the bequests to them respectively. It is distinctly understood, and I so order and direct, that the said lands shall be a home for my wife and two single daughters for and during their lives, or so long as they may choose to live thereon.

8. I give and bequeath unto my four children, in equal shares, to wit, James Gordon, Robert Thomas Gordon, Mary Watt Gordon, and Jane Eliza Gordon, all my negroes, stock of every kind, plantation tools, the balance of my money on hand, bonds, notes, and all the rest and residue of my estate of every description, for and during their natural lives, with remainder to such child or children as either of them should leave living at the time of his or her death, respectively, as to his or her share; and if either of

my said four children should die without leaving issue living at the time of his or her death, then his or her share to go to the survivors, and if the last survivor should die without leaving issue living at the time of his or her death, then I give the estate and property, hereby given to them, to my other children herein named, share and share alike, subject to the same limitations as is provided in the bequests given to them respectively.

9. I do hereby appoint my two sons, James and Robert Thomas Gordon, executors of this my last will and testament. In witness whereof, I have hereunto set my hand and seal this the 18th January, 1852. Signed, sealed, &c."

R. C. Gordon died January 21, 1852. James Gordon died in 1872, survived by a widow (now dead) and two children, Georgia Miller and Evans Gordon. After the death of testator, his widow died, also his son, Ezekiel, unmarried, and also his daughters, Rosa Ann and Rebecca Eveline, leaving issue. Recently his son, R. T. Gordon, died, leaving no wife or children. The daughters, Mary Watt and Jane Eliza, still survive, unmarried, and quite advanced in years. The Circuit decree was as follows:

This case was heard by me at the term of the court held in January, 1889. There being no dispute about the facts, the case was heard on the complaint and answers. These facts have been set out in the complaint, and it will not be necessary to restate them here.

The property about which these proceedings have been commenced consists: 1. Of certain real and personal property which belonged to R. T. Gordon, and as to which he died intestate. 2. Certain real estate which he held under the will of his father, Robert C. Gordon, and which was devised by the 7th clause of the said will. 3. Certain personal estate which he held under the 8th clause of his father's will.

1. The property in the first class must, of course, after the payment of the debts, be distributed amongst the parties, according to the statute of distributions; the parties entitled thereto to be hereinafter specified. The 7th clause of the will is as follows:
7. "I give, devise, and bequeath unto my two sons, James and Robert Thomas, all my land and real estate, to them and their

heirs; but if either of my said sons should die without issue liv-
ing at the time of his death, then I give *his part* to the survivor,
and if the survivor should die without leaving issue at the time of
his death, then that I give the *same* to my other children, subject
to the same limitations as is provided as to the bequests to them
respectively."

This clause and the 8th were the subject of very elaborate argu-
ment by counsel, but I must content myself with a very brief
statement of my views and conclusions.   The controlling words
in this devise are almost identical with those in *Lowry* v. *O'Bryan*,
4 Rich. Eq., 262.   Here, as in that case, the interest of James
in the share of Robert Thomas depends on two contingencies:
1st, that James should survive Robert Thomas; and, 2nd, that
Robert Thomas should die without issue.   In this case, as in the
case of *Lowry* v. *O'Bryan, supra*, James was in his grave many
years before the death of Robert Thomas, and, consequently, he ·
could take nothing in *his character as survivor.*   If, in *Lowry* v.
*O'Bryan*, the deceased brother could not take, I see no reason
why he should take in this case.   It is not a question as *to what
estate* the deceased brother was to take, but whether he took *any-
thing at all.*   If he could not take a fee as a survivor, why take
a life estate ?   These brothers took fees in this land defeasible,
and that defeasance depended on a double contingency—1st, death
without issue living at the time of death; and, 2nd, having as
survivor one of the two.   In this case, there is no survivor of
Robert Thomas to take that part of the estate which was allotted
to him in the partition.

As to the ultimate remaindermen.   To my mind, the clear
meaning of the language is, that it was intended to prevent the
accruing share, on the death of one brother, from becoming a part
of the absolute estate of the survivor, that these words were used.
On the death of one brother without issue, his part of the estate
was to go to the survivor, if there was one, and if the survivor
died without issue, then the same (his part) was to go over to
"the other children" with limitations, leaving the survivor's share,
which he took originally, subject to his own disposal.   If the word
*same* means the whole property covered by this clause, it carries
over James's share as well as Robert Thomas's.   If it refers only

to a part, then the most natural construction is, that it refers to his part, *i. e.*, the part which had gone over to the survivor for failure of issue. For these reasons I hold that the property which Robert Thomas took as his share, under the 7th clause of the will, has become indefeasible, since there can be no survivor, and is now subject to partition in the same way as all the balance of his estate, according to the statutes of distribution of intestates' estates.

The 8th clause of the will is as follows: 8. "I give and bequeath unto my four children, in equal shares, to wit, James Gordon, Robert Thomas Gordon, Mary Watt Gordon, and Jane Eliza Gordon, all my negroes, stock of every kind, plantation tools, the balance of my money on hand, bonds, notes, and all the rest and residue of my estate of every description, for and during their natural lives, with remainder to such child or children as either of them should leave living at the time of his or her death, respectively, as to his or her share; and if either of my said four children should die without leaving issue living at the time of his or her death, then his or her share to go to the survivors; and if the last survivor should die without leaving issue living at the time of his or her death, then I give *the estate and property hereby given to them* to my other children herein named, share and share alike, subject to the same limitations as is provided in the bequest given to them respectively."

In case either one of the four died leaving children, such children took in remainder the share of such child without remainders over. In this clause, we notice the same purpose to provide that in case of death without issue the accruing share shall not become the absolute property of the survivor, as would be the case unless otherwise provided. *Hill* v. *Hill*, 1 Strob. Eq., 1. For this purpose, the will provides that "the estate and property hereby given to them, if the last survivor should die without issue, &c.," shall go to the "other children." The estate that is to go over is not alone the survivors' share, but the accruing shares as well. In the 7th clause the accruing share is to go over, but in the 8th, now under consideration, not only the accruing share, but "the whole estate and property hereby given to them," is to go over. It must certainly mean by *them* those who die without

issue living, because the share of the one who died leaving children to take had already been disposed of in ultimate remainder in this case to the children of James, who had died having two children. This property, then, which is given over *after the death of the survivor*, is to go "to my other children herein named, share and share alike." It must mean all of those children mentioned in the will whose shares will not go over to survivors on the failure of issue, and must include Mrs. Wilson and Mrs. McCord, who are mentioned in the will, and must include James Gordon, though mentioned in the 8th clause, because he is not one of those whose shares pass to those who take as survivors, and go over on failure of issue. It seems to be the intention of this will to make the property *of those* who take under this 8th clause, and *who die without issue*, a fund for the benefit of the "other children" mentioned in the will, with remainders over at their deaths, respectively.

Under this view of the will, I hold that the portion of the estate of Robert Thomas Gordon, which was devised to him under this 8th clause of the will of R. C. Gordon, is now divisible between Mary Watt Gordon and Jane Eliza Gordon, to be held by them under the 8th clause of said will. They are now well advanced in years, and the interest of those in remainder, in case they die without issue, is, if not vested, at least transmissible. I will, therefore, consider what those interests are. Mrs. Kirkwood is not mentioned in the will, and therefore takes nothing under it. The limitation over is one-third each to James Gordon, Mrs. Rosa Ann McCord, and Mrs. Rebecca Eveline Wilson for life, and at their death to children (assuming that neither of the two maiden sisters will leave issue). As these three children of testator have died leaving children living at their death, respectively, and the share of each will go to their children, respectively, so living at their death.

I take it that all the children of James Gordon and Mrs. Rosa Ann McCord living at their death are now living and are before the court. It is not clear what children of Mrs. Rebecca Eveline Wilson were living at her death. A child who predeceased her can take nothing, and if any have since died, the shares of those so dying can be paid over only to personal representatives sub-

ject to debts and distribution. It would not be necessary to make these personal representatives parties if real estate alone was involved. I have come to this conclusion as to the rights of the parties, on my construction of the 3rd clause of the will as to Mrs. McCord, of the 5th as to Mrs. Wilson, and the 8th clause as to James Gordon, being the last clause in which limitations are prescribed as to him.

The estate, real and personal, of Robert Thomas Gordon, including the real estate assigned to him under the 7th clause of the will of R. C. Gordon, is intestate property, and I hold that the same is subject to division under the statute, as follows: 1. One-sixth ($\frac{1}{6}$) to Jane Eliza Gordon. 2. One-sixth ($\frac{1}{6}$) to Mary Watt Gordon. 3. One-sixth ($\frac{1}{6}$) to Evans Gordon and Georgia C. Miller, children of James Gordon, to be equally divided between them. 4. One sixth ($\frac{1}{6}$) to Samuel R. Kirkwood and Robert N. Kirkwood, children of Mrs. Elizabeth Kirkwood, a sister of Robert Thomas Gordon, to be equally divided between them. 5. One-sixth ($\frac{1}{6}$) to the children of Mrs. Rosa Ann McCord, living at the death of Robert Thomas Gordon, J. T. McCord, S. E. McCord, Martha A. Patton, and Rebecca Faust, equally to be divided between them. 6. One-sixth ($\frac{1}{6}$) to the children of Mrs. Rebecca Eveline Wilson, living at the death of Robert Thomas Gordon. No representation is admitted among collaterals after brothers and sister children. Gen. Stat., § 1845. It will be necessary to ascertain what children of Mrs. Rebecca Eveline Wilson were living at her death, for distribution under the 8th clause, and also which of them were living at the death of Robert Thomas Gordon, for distribution under the statute of his estate.

It is therefore ordered, that it be referred to the master to take an account of the estate of Robert T. Gordon, which he held in his individual right, and also which he held under the 8th clause of the will of R. C. Gordon. It is also ordered, that the master do inquire and report who are the parties entitled to distribution of the estate of Robert T. Gordon, and also of that portion held by him under the 8th clause of the will of R. C. Gordon, according to the principles above indicated; and that upon the coming in and confirmation of the report, a writ of partition do issue to divide the real estate of Robert Thomas Gordon, including that

held under the 7th clause of the will of R. C. Gordon, amongst
the parties entitled thereto as herein adjudged ; and further, that
on the coming in and confirmation of the said report, the parties
have leave to apply for orders to pay out the personal estate of
Robert Thomas Gordon, after the payment of debts, and also of
any property held by him under the 8th clause of the will of R.
C. Gordon, to the persons entitled thereto, according to the prin-
ciples herein announced in reference thereto.   It is understood
that Mary Watt Gordon and Jane Eliza Gordon waive any claim
for the home provided for them in the will of R. C. Gordon, be-
yond the right of residing on the premises, and the use of the
dwelling house and appurtenant buildings.   Questions of costs
reserved, and also all matters not herein passed upon.   If so ad-
vised, the parties to this action may apply for an order to make
parties to this action the personal representatives of such persons
as may have died, and who had an interest in the personal pro-
perty referred to in these proceedings.

Notice of appeal was served in due time by all the parties to
the cause except Richard Wilson, and the grounds of appeal and
exceptions of those appealing are as follows :

The plaintiff, Jane L. Gordon, in her own right, and the de-
fendant, Mary W. Gordon, appealed on the following grounds :
1. Because his honor erred in holding that R. T. Gordon took
an absolute estate in fee in the real estate devised to him by the
7th clause of the will of his father, R. C. Gordon, deceased, and
"that the same was subject to partition in the same way as the
balance of his estate, according to the statute of distribution of
intestate estates," whereas it is insisted that his honor should have
held the same at the death of R. T. Gordon was divisible among
the "other children" of the testator, to wit, these appellants and
Mrs. Rosa Ann McCord and Mrs. Rebecca Eveline Wilson, and
the children of the two last in remainder, under the 3rd and 5th
clauses of the will of R. C. Gordon, deceased.   2. Because his
honor, the presiding judge, erred in holding that under the 8th
clause of the will of R. C. Gordon, deceased, "accruing" shares
do not go to the survivors absolutely, but go over to "the other

children" in the same manner as · the original shares bequeathed under said clause.

The children and grandchildren of Mrs. Rebecca E. Wilson and Mrs. Rosa Ann McCord appealed on the following grounds: 1. Because his honor erred in holding that the share of land which Robert Thomas Gordon took under the 7th clause of the will of his father, R. C. Gordon, deceased, has become indefeasible, and is now subject to partition as his estate, according to the statutes of distribution ; and in holding that the defeasance of the estate of the survivor depended upon a double contingency ; whereas he should have held that it depended upon the one contingency of his death without issue living. 2. Because his honor should have held that, at the death of R. T. Gordon without issue living, the land held by him under the 7th clause of the will went over to the other children of testator therein referred to, to wit : Jane L. Gordon, Mary W. Gordon, Rebecca Eveline Wilson, and Rosa Ann McCord, and is divisible among them and the children of the two last in remainder, under the 3rd and 5th clauses of the will. 3. Because his honor erred in holding that James Gordon is included in the words of the gift to "other children" in the 8th clause of the will, after the death of the last survivor of the children of R. C. Gordon named in said clause, whereas his honor should have held that the words "other children, &c.," include only Mrs. Rebecca E. Wilson and Mrs. Rosa Ann Mc- Cord. 4. Because his honor erred in holding that, at the death of the last survivor of the children of R. C. Gordon, deceased, named in the 8th clause of his will, the property held by such survivor under said clause was to be divided among James Gor- don, Rebecca Eveline Wilson, and Rosa Ann McCord, and their children in remainder, whereas it is insisted that he should have held that it is to be divided into two shares only between Mrs. Rebecca Eveline Wilson and Mrs. Rosa Ann McCord and their children in remainder, under the 3rd and 5th clauses of the will. 5. Because his honor should have held that the estate of R. T. Gordon is liable for and chargeable with the value of the property held by him under the 8th clause of the will of R. C. Gordon, and also all money in his hands as executor of said will, or which came into his hands as such executor and has not been disbursed,

and should have ordered the master to ascertain the amount of such indebtedness. 6. Because his honor erred in failing to hold in his decree that Jane L. Gordon and Mary W. Gordon take only life estates in all the property given to them by the testator in said will, which they have received and may hereafter received, and that at their deaths without issue living, said property will become the property of, and be divisible between, the children of Mrs. Rebecca E. Wilson and Mrs. Rosa Ann McCord living at their deaths.

Georgia Miller and Evans Gordon appealed on the following grounds: 1. Because his honor erred in failing to hold in his decree that under and by virtue of the will and testament of R. C. Gordon, deceased, the children of James Gordon are the sole own-ers in fee and entitled to possession of the lands devised to R. T. Gordon by said testator in the 7th clause of said last will and testament. 2. Because his honor erred in failing to hold in his decree, that under and by virtue of the last will and testament of R. C. Gordon, the children of James Gordon are the owners and entitled to the possession of all the property bequeathed to R. T. Gordon by said testament in the 8th clause of said last will and testament. 3. Because his honor erred in failing to hold in his decree, that if the said Jane E. Gordon and Mary Watt Gor-don should die without issue living at the time of their deaths, then the property bequeathed to them by said testator by virtue of said last will and testament is to descend to and become the property of the children of James Gordon, stripped of all trusts and limitations. 4. Because his honor erred in stating in said decree that James Gordon and R. T. Gordon took fees in the land therein mentioned defeasible, and that defeasance depended upon a double contingency: 1. Death without issue living at the time of death; and 2nd. Having as survivor one of the two. 5. Because his honor erred in holding that the property which Rob-ert Thomas took as his share under the 7th cause of the will has become indefeasible, since there can be no survivor, and is now subject to partition in the same way as all the balance of his es-tate, according to the statutes of distribution of intestate estates. 6. Because his honor erred in holding that Mrs. McCord and Mrs. Wilson are included in the limitation over of the property

mentioned in the 8th clause of the will. 7. Because his honor erred in holding that the portion of the estate of Robert Thomas Gordon, which was bequeathed to him under the 8th clause of the will, is now divisible between Mary Watt Gordon and Jane Eliza Gordon. 8. Because his honor erred in holding that the limitation over, under the 8th clause of the will, is one-third each to James Gordon, Mrs. Rosa McCord, and Mrs. Rebecca Eveline Wilson for life, and at their death to their children, assuming that neither of the two maiden sisters will leave issue. 9. Because his honor erred in holding that the real estate which R. T. Gordon took is intestate property of said R. T. Gordon, and that the same is subject to division under the statute of distributions, as stated in said decree. 10. Because his honor erred in ordering that the master do inquire and report who are the parties entitled to distribution of the estate of Robert Thomas Gordon, and also of that portion held by him under the 8th clause of the will of R. C. Gordon, according to the principles indicated in said decree. 11. Because his honor erred in ordering that upon the coming in and confirmation of said report, a writ of partition do issue to divide the real estate of R. T. Gordon, including that held under the 7th clause of the will of R. C. Gordon, amongst the parties adjudged entitled thereto by said decree. 12. Because his honor erred in ordering that upon the coming in and confirmation of said report, the parties have leave to apply for orders to pay out any property held by R. T. Gordon under the 8th clause of the will of R. C. Gordon, to the parties entitled thereto, according to the principles announced in said decree in reference thereto.

The defendants, Samuel R. Kirkwood and Robert N. Kirkwood, appealed on the following grounds: 1. Because it was error in his honor to hold that the life estate of Robert T. Gordon, bequeathed by the 8th clause of the will, passes under the will of R. C. Gordon to Jane E. Gordon and Mary Watt Gordon for life, and is then divisible amongst the other children named in the will. 2. Because it was error in his honor to hold that Evans Gordon and Georgia C. Miller have any interest in any other property bequeathed by the 8th clause of R. C. Gordon's will, than that bequeathed thereby to James Gordon. 3.

Because it was error in his honor to hold that these defendants have no interest in the property mentioned in said 8th clause. 4. Because it was error in his honor to hold that the property bequeathed by the 8th clause of said will passes to the remaindermen without directing an inquiry by the master : (1) As to how much of said property there is, if any, that cannot pass to the remaindermen ; (2) how much of said property was destroyed by the casualties of war, or lost in any other manner without fault of the life tenant; and (3) what articles of said property remain on hand and their value.

*Messrs. Parker & McGowan*, for plaintiff.

*Messrs. E. B. Gary* and *J. P. K. Bryan*, for Mrs. Georgia C. Miller.

*Messrs. Benet & Cason*, for Evans Gordon.

*Messrs. M. P. DeBruhl* and *W. O. Bradley*, for the issue of Mrs. McCord and Mrs. Wilson.

*Messrs. Graydon & Graydon*, for the children of Elizabeth Kirkwood.

April 19, 1890.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   One R. C. Gordon died in 1852, leaving a last will and testament and eight children, to wit : Ezekiel E. Gordon, Rosa Ann McCord, Rebecca E. Wilson, Elizabeth Kirkwood, Robert Thomas Gordon, James Gordon, Jane Eliza Gordon, and Mary Watt Gordon, all of whom were beneficiaries under said will, except Elizabeth Kirkwood, to whom he gave nothing.   To Rosa Ann McCord he bequeathed a legacy of $1,000 during her life, and at her death to go to her children ; and to Rebecca E. Wilson a similar legacy, upon the same terms and limitations ; and to Ezekiel E. Gordon $500 absolutely ; and then, in the seventh and eighth clauses of his will, he devised and bequeathed as follows : Seventh clause. "I give and devise and bequeath unto my two sons, James and Robert Thomas, all my lands and real estate, to them and their heirs ;

but if either of my said sons should die without issue, living at the time of his death, then I give his part of the lands to the survivor; and if the survivor should die without leaving issue at the time of his death, then that I give the same to my other children, subject to the same limitations as is provided as to bequests to them respectively. It is distinctly understood, and I so order and direct, the said lands shall be a home for my wife and two single daughters for and during their lives, or so long as they may choose to live thereon. (8) I give and bequeath unto my four children, in equal shares, to wit, James Gordon, Robert Thomas Gordon, Mary Watt Gordon, and Jane E. Gordon, all my negroes, stock of every kind, plantation tools, the balance of my money on hand, bonds, notes, and all the rest and residue of my estate, of every description, for and during their natural lives, with remainder to such child or children as either of them should leave living at the time of his or her death respectively, as to his or her share; and if either of my four children should die without leaving issue, living at the time of his or her death, then his or her share to go to the survivors; and if the last survivor should die without leaving issue, living at the time of his or her death, then I give the estate and property hereby given to them to my other children herein named, share and share alike, subject to the same limitation as is provided in the bequests given to them respectively.

Ezekiel Gordon died after his father, unmarried and intestate. Rosa Ann McCord, and Rebecca Eveline Wilson also died after their father, both leaving children; and James Gordon died after the father, leaving children. Then Robert T. Gordon died, unmarried, and intestate, leaving surviving him of his brothers and sisters Mary Watt Gordon and Jane Eliza Gordon and Mrs. Kirkwood. Robert T. Gordon left a considerable estate of his own, besides the interest he had under the will of his father, as provided in the seventh and eighth clauses thereof, *supra*. The plaintiff, Jane E. Gordon, administered upon his estate; and she instituted the action below for the construction of the will of R. C. Gordon as to the rights of the parties under the seventh and eighth clauses, and for directions as to the distribution of the estate of her intestate in connection therewith. The case was

heard by his honor, Judge Fraser, upon the pleadings. It is proper to state here that in 1859, prior to the death of James Gordon, under proceedings in equity, a partition of the real estate embraced in clause 7 of the will had been made between James and Robert T., subject to the limitations in the will, and also a partition of the personal property mentioned in clause 8 among the parties thereunder entitled thereto.

Judge Fraser ruled and decreed, James Gordon having died before his brother, Robert T., leaving children at his death, that his share of the real estate, under the seventh clause of the will, went to said children, and that the share of Robert T., the survivor, although he died leaving no issue at his death, had not been defeated; his honor holding that these brothers took a defeasible fee in the land, the defeasance depending on a double contingency: (1) Death without issue living at the time of death; and (2) having a survivor—and as Robert T. died with no survivor living, his fee had not been defeated, and therefore his allotted portion of the said land was his own, going to his heirs at law, &c. As to the property embraced in the eighth clause, his honor ruled that the share of Robert T. therein, at his death, leaving no issue, went to his two surviving sisters, Mary Watt Gordon and Jane Eliza Gordon, named in said eighth clause; and these two being aged ladies, he further adjudged the rights of the parties who might be entitled after their death, holding that the interest of those in remainder, in case they died without issue, if not vested, was at least transmissible. He decreed that upon the death of the said two sisters the property embraced in the eighth clause would go to the children of James Gordon, Rosa Ann Gordon, and Mrs. Rebecca Gordon, each one-third; that is, the children of each living at their respective deaths should take one-third among them. And he directed that the estate of Robert T., real and personal, including his portion of the land mentioned in the seventh clause, should be distributed as intestate property under the statute; further directing that it be referred to the master to ascertain who were entitled under the principles announced in this decree.

The question now before us on appeal is whether his honor's construction of the seventh and eighth clauses of the will of R. C.

37—32

Gordon was correct. As to the seventh clause, we concur with the Circuit Judge. Of course, in all such matters, the intention must control ; and this must be ascertained and reached by the words used, unless there is such ambiguity as to need other aid. In this clause we see no such ambiguity. As we read it, confining ourselves to the exact words employed, the intent seems plain. There is no doubt but that a fee was given in the first instance to these two sons ; the devise of the land being to them and their heirs. It is equally certain that this fee was not to be defeated as to either one if he left children living at his death. It seems plain, too, that if either one died leaving no children at his death, and left the other surviving, his share should go to his survivor, and upon the death of such survivor, leaving no children, this accrued interest should go to his other children, subject to the limitations provided for in the bequests given to them in the other portions of the will.

This construction is in exact accordance with the terms of the clause wherein it is stated that if either son dies without living issue at his death, his share shall go to the survivor, and if the survivor dies leaving no such issue, that that (share, no doubt) should go over to his other children. Now, James died leaving children. His portion of the land then descended to his children, as he was seized in fee, which fee had not been defeated by the defeasance provided, so that no accrued share went over to Robert T., limited over to the other children upon his death, leaving no issue. It is true that Robert T. died, leaving no issue, but this was not the only contingency which was to defeat the fee. The fee was to be defeated by this and a survivor, and Robert T. left no survivor. He was the last survivor himself, and his fee not being defeated then, his portion of the land descended subject to division and distribution under the statute as held by his honor below. There was a defeasible fee given to each of these sons, subject to a defeasance in each by death leaving no issue and by a survivor. James died leaving children, therefore his fee was not defeated. Robert T. died leaving no survivor, therefore his fee was not defeated.

As to the eighth clause, we do not concur with the Circuit Judge. No doubt that the share of Robert T. in the property

therein bequeathed, at his death, leaving no issue, went to his surviving sisters therein named, by the express terms of the clause, with limitation over, upon the death of the last survivor leaving no issue, to the other children of the testator, share and share alike, subject to the same limitations as is provided in the bequests to them respectively in the will. It will be noticed that in this clause when the testator speaks of the property which he intended to go over to his other children at the death of the survivor, he refers to it as "the estate and property hereby given to them (to wit, the four children therein mentioned), the whole property, including the accrued shares, as well as the share of the survivor. This language is very different from that used in the seventh clause, and seems significant of intent.

Now, the two surviving sisters are still alive, but they are advanced in years, and assuming that they will die leaving no issue living at their death, the Circuit Judge adjudged the rights of the parties, in that event holding, as stated above, that the property would then go to the children of James, Rosa Ann, and Mrs. Rebecca Wilson. This holding seems to have been based upon that portion of the eighth clause which directed that when the property went over to the other children upon the death of the survivor, it should be subject to the same limitations as are provided in the bequests given to them respectively. And inasmuch as the only children whose bequests were burdened with limitations over were Rosa Ann, Mrs. Wilson, and James, and as these were the only ones who left children, his honor thought that they were the ultimate beneficiaries.

We are satisfied that neither Mrs. Kirkwood nor Ezekiel Gordon's estate is entitled to any share in this property. Mrs. Kirkwood is not named in the will, and there is no limitation attached to the legacy given to Ezekiel, and we are satisfied that the estates of Rosa Ann and Mrs. Wilson are entitled, as they are both named in the will, and were of the other children, and their respective legacies had limitations attached. But we do not see how the estate of James can come in. He was one of the four children to whom the property mentioned in clause 8 was given on the terms therein specified, and this property in that clause was directed, upon the death of the survivor of the

four, to go to the testator's other children herein named, subject
to the limitations attached to their bequest. We think that the
word "other" therein points to the children not named in that
clause, but named elsewhere in the will, and the words "herein
named" refer to the will, and not to the eighth clause; and sub-
jecting this bequest over to the limitations provided for in the
previous bequests, we think, point to those to whom bequests had
previously been given, with limitations, and these were Rosa Ann
and Mrs. Wilson; and it is our conclusion that their estates will
be entitled to this property after the death of Mary Watt Gor-
don and Jane Elizabeth Gordon leaving no issue at their death.
This, it seems to us, is the right conclusion, based simply upon
an analysis of the language of the two clauses, and we think
that this is sustained by the cases in which subjects of this char-
acter have been discussed, especially as to the seventh clause in
the case relied on by his honor (*Lowry* v. *O'Bryan*, 4 Rich. Eq.,
262).

The doctrine of cross-remainders has been invoked adverse to
the Circuit decree. We do not see the application of that doc-
trine here. This doctrine has arisen in England, mostly in cases
as follows: where an estate has been given to two and the
heirs of their body, and in default of issue, then over to the
grantor's right heirs. The question has arisen whether the tes-
tator intended that there should be an entire failure of issue as to
both of the original grantees before the right heir should be en-
titled to anything; or whether, in case there was a failure of
issue as to either one, the right heir should at least become enti-
tled to that share, the other share remaining with children of the
one leaving children; or whether, in case one died leaving issue,
and the other died leaving no issue, the whole estate was intended
to remain with said issue, by way of cross remainder, postponing
the ultimate gift to the right heir. It was in this latter class of
cases that this doctrine of cross-remainders came in, and it de-
pended entirely upon the intention of the testator, the turning
point being whether he intended the entire estate to pass to the
right heir as a whole, upon failure of issue as to both grantees,
or that this ultimate gift should take effect in whole or in part,
as either one or both died without issue. As stated above, this

doctrine of cross-remainders at first was confined to estates given to two only. In later cases, however, it has been extended to three or more resting upon the same principles, with increased complication and difficulty.

Testing the seventh and eighth clauses by these cases, we think our conclusions above are fully sustained. The object of the cross-remainder doctrine is to carry out the intent of the testator. Now, did the testator here intend, in either of these clauses, that the ultimate gift should not take effect unless the whole property went. In other words, that it should remain with the original grantees and their issue, as long as there were issue, before going over, or did he intend that the issue of each should take the share of the parent, and the share of each leaving no issue should go over, as the event occurred? As we have already argued above, we think the language of both clauses points to a disintegration of the property into shares, each share going as the contingency upon which it rested required, and that there was no purpose to keep it consolidated until there was an entire failure of issue, and then go over as a whole. See the case of *Doe on Demise of Gorges et al.* v. *Webb*, 1 Taunt., 237; *Wright* v. *Holford*, 1 Cowp., 31; *Phipard* v. *Mansfield*, 2 *Id.*, 797; *Atherton* v. *Pye*, 4 T. R., 710.

As to the exception that his honor did not direct the master to ascertain the liability of the estate of Robert T. Gordon, to account for the property bequeathed to him by the 8th clause of the will. His honor did order a reference to the master requiring an accounting of the estate of Robert T. Gordon, with the right to have such order as might be necessary. We think this was sufficient, inasmuch as the manner of the accounting, and the extent of liability, may come up upon the report of the master. *Watson* v. *Foxon*, 2 East., 36; see, also, our cases, *Seabrook* v. *Mikell*, Chev. Eq., 86; *Lowry* v. *O'Bryan*, 4 Rich. Eq., 262.

It is the judgment of this court, that the judgment of the Circuit Court be modified as herein above, so as to exclude the children of James. In all other respects it is affirmed.