7541

### HALL v. HALL.

WILLS—LIMITATION OF ESTATES.—A devise to my son John and his heirs and if he dies leaving no children, then over, vests in John a fee simple, defeasible upon his dying without children.

Before ALDRICH, J., Anderson, October Term, 1909. Affirmed.

Action by Cora T. Hall *et al.* against Carl M. Hall *et al.* From circuit decree, defendants appeal.

*Messrs. Martin & Earle,* for appellants, cite: *Fee simple theory:* 47 S. C., 294; 6 Ency., 504; 2 Jar. on Wills, 856; 15 S. C., 442; 8 D. & R., 804. *The conditioned theory:* 2

Bail., 248; Moorman on Lim., 18; 47 S. C., 294; 17 S. C., 434; 4 S. C., 83; I Rich. Eq., 400; 3 Rich. Eq., 574, 156; 23 S. C., 46; 15 Ency., 323; 67 S. C., 134; 100 Mass. 345; 5 Ency., 323; 2 Jar. on Wills, 15; 2 Har., 56; 1 Jones, 370; Walk., 420; 141 U. S., 296; 166 U. S., 83; 18 How., 202; 2 Jar., 1174. *Children may mean heirs of the body:* 3 Rich. Eq., 559; 16 S. C., 227; 24 S. C., 314; 25 S. C., 362; 24 S. C., 314; 77 S. C., 230; 2 Jar., 161; 5 Ency., 1088-90; 3 M. & G., 929; 1 B. & A., 713; 5 Ency., 1090-1; 3 Strob. Eq., 221; 2 Jar., 931; Bail. Eq., 549; 64 S. C., 220.

*Messrs. Bonham, Watkins & Allen,* contra, cite: *This case is ruled by the following cases:* 1 McC., 60; 2 Jar. on Wills, 400; 1 Bail., 427; 2 Bail., 231; Rich. Eq. Cas., 357; Bail. Eq., 298; 1 Hill Ch., 265; 2 Hill Eq., 550; 1 Spear. L., 251; 4 Rich. Eq., 262, 276; 5 Rich. Eq., 83, 202; 6 Rich. Eq., 240; 7 Rich., 536; 8 Rich. Eq., 259; 12 Rich. L., 536; 17 S. C., 522; 26 S. C., 561; 30 S. C., 184; 32 S. C., 563; 41 S. C., 209; 42 S. C., 436; 77 S. C., 458.

April 8, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The will of A. Jackson Hall, who died in 1892, contained the following clause: "At, or after the death of my beloved wife, I give and devise unto my beloved son, T. D. Hall, and his heirs fifty-five acres (55), more or less, of land to be run off in a tract broadside next to the lands of J. B. Leverett, also some three (3) acres, more or less woodland on west side of the road leading to Crossroads Church, said land soon to be run off all that is in certain bounds, all this land is of the Ransom tract, and I also after her death give and devise to my other beloved son, John M. Hall and his heirs, the balance land and houses of which I may die seized or possessed of. And if either or both of my said sons die leaving no children I devise that said land herein devised shall fall back to my estate and be

equally divided between such of my children as may be then living and the children of any that may be dead, and the children of a deceased son or daughter taking among themselves the amount that would have fallen to their parent if living."

John M. Hall died intestate during the lifetime of the widow of testator, leaving as heirs, his wife, Cora T. Hall, and his infant children, Carl M. Hall, Pearl E. Hall and J. B. Hall. Cora T. Hall, in her own right and as guardian *ad litem* of her infant child, J. B. Hall, brought this action against Carl M. Hall and Pearl E. Hall, children of a former marriage, for the portion of the land devised to John M. Hall by the clause of the will above quoted. The question on which the case depends is: Did John M. Hall take under the will a fee simple, defeasible on his death without leaving children, or a fee conditional, which on his death without alienation passed to his children? If he took a fee defeasible, then on his death, leaving issue, his estate became an absolute fee simple, and the plaintiff, his widow, would inherit as an heir. If he took a fee conditional, then the children would take *per formam doni* to the exclusion of the widow.

The Circuit Judge thus stated his reasoning and conclusion: "The estate devised is a life estate to Mary Jane Hall, widow of the testator, in the whole of the land and personal property embraced in the will, and the remainder in the land devised to John M. Hall, vested in him a fee simple. An estate to one and his heirs is a fee simple estate. Chitty's Blackstone, volume 1, book 2, page 105. The contention of the defendants is, that in this will the term heirs is synonymous with and used in the sense of children. 'Heirs may be construed to mean children, but only when the context demands it.' *Hayne* v. *Irving,* 25 S. C.; *Archer* v. *Ellison,* 28 S. C., 238, 5 S. E., 713. The burden of showing that the term 'heirs' was not used in its primary sense rests upon those so claiming. *Seabrook* v. *Seabrook,* McM. Eq.,

31—85

*Evans* v. *Evans,* 6 Rich. Eq. In the case under considera-
tion, the two terms, heirs and children, are not used inter-
changeably, and in the same sense. When the testator
meant heirs, he said heirs, and when he meant children, he
said children. It may have been interesting to discuss the
terms of this devise, if John M. Hall had died without leav-
ing children, but inasmuch as he died leaving children, the
event upon which the land was to revert to the estate of the
testator had not happened and cannot happen. The utmost
that the provision in the second clause above quoted could
have had would have been to convert the fee simple title
vested in the first instance into a fee-defeasible upon his
dying without leaving children, but inasmuch as this did
not occur, there is nothing to disturb the absolute estate of
John M. Hall in the land in question."

Counsel for appellant has submitted an elaborate argu-
ment in the effort to sustain the position that the words
"his heirs" in the devise to "John M. Hall and his heirs"
should be construed to mean heirs of the body, and that he
took a fee conditional and not a fee simple defeasible on his
death leaving no children. We think, however, that the
point has been so often considered and settled in accordance
with the conclusion of the Circuit Court that any extended
discussion or even a restatement of the principles of con-
struction involved would be fruitless. In the noted leading
case of *Carr* v. *Porter,* 1 McC. Chancery, 60, the devise
was: "The rest and residue of my estate, both real and per-
sonal, to be equally divided between my grandsons, William
and Thomas, and delivered to them at the age of twenty-
one years; but should they die having no lawful issue, in
that case, I give and bequeath the whole of my estate, both
real and personal, to Richard, etc." The Court of Errors
held that Thomas took the fee and his issue could only take
by descent from him and not as purchasers. In *Gordon* v.
*Gordon,* 32 S. C., 563, 11 S. E., 334, the devise was: "I
give and devise and bequeath unto my two sons, James and

Robert Thomas, all my land and real estate, to them and their heirs; but if either of my said sons should die without issue living at the time of his death, then I give his part of the land to the survivor, and if the survivor should die without leaving issue at the time of his death, then I give the same to my other children, subject to the same limitations as is provided as to bequests to them respectively." This language is almost exactly the same as that in the case now under consideration; and it was held that each of the sons took a fee simple, defeasible on his death without leaving issue. It is impossible to distinguish that case from this, and we think it is conclusive. In the cases below cited and a number of others, the same principle is applied and the same result reached. *Scanlan* v. *Porter,* 1 Bail., 427; *Bedon* v. *Bedon,* 2 Bail., 231; *Manigault* v. *Holmes,* Bail. Eq., 298; *Cole* v. *Creyton,* 1 Hill Ch., 311; *Wilson* v. *Freer,* 2 Hill Ch., 550; *Lowry* v. *O'Bryan,* 4 Rich. Eq., 262; *Rivers* v. *Fripp,* 4 Rich. Eq., 276; *Shaw* v. *Monefeldt,* 6 Rich. Eq., 240; *Carson* v. *Kennerly,* 8 Rich. Eq., 259; *Ketchin* v. *Beaty,* 5 Rich. Eq., 83; *Shaw* v. *Erwin,* 41 S. C., 209; 19 S. E., 499; *Durant* v. *Nash,* 30 S. C., 184, 9 S. E., 19; *Marshall* v. *Marshall,* 42 S. C., 436, 20 S. E., 298.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.