9204

DAVIS v. HODGE *ET AL.*

(86 S. E. 478.)

WILLS. LIMITATIONS OF ESTATES. FEES CONDITIONAL. FEES DEFEASIBLE. EXECUTORY DEVISES.

1. LIMITATIONS OF ESTATES—FEES CONDITIONAL.—One of the essential attributes of a fee conditional is a possibility of a reverter.

2. WILLS—LIMITATIONS OF ESTATES—FEES DEFEASIBLE—EXECUTORY DEVISE.—A devise after the act of 1853, Civil Code 1912, sec. 3551, to A, should she die without heirs or children of her own body, the property should recur to others mentioned, or to their families, gives

A a fee simple estate in the realty, defeasible upon her death without heirs of her body living at that time, with an executory devise over to the others named or their families.

Before RICE, J., Sumter, Fall term, 1914.    Affirmed.

Action by Mattie W. Davis against H. B. Hodge, Elisha Hodge, Epsy Ard, Eugenia Kelley and Joel Davis.    From a decree for defendants, the plaintiff appeals.

The facts are stated in the Circuit decree, which was as follows:

The above stated cause came up before me at the Fall, 1914, term of said Court for Sumter county, and involves the construction of the will of Elias Hodge, who died in March, 1888.

The evidence was taken by the master, and shows that not long after the death of said Elias Hodge, the parties hereto, except the defendant, Joel Davis, being of age, all of them, and being the devisees under said will, had a parol partition of the lands of the testator devised to them under the terms of said will, and in said parol partition the plaintiff had set off to her seventy-one (71) acres, more or less, by metes and bounds as her share, no deeds, however, being passed between any of the parties.    All of said devisees immediately went into possession of the shares so set off to them, and the plaintiff is now in possession of her said share. The defendant, Joel Davis, has agreed to buy the said share of the plaintiff, but alleges that he will not carry out said agreement to purchase until the Courts have determined that the plaintiff can convey the fee, and setting out that there is grave doubt expressed as to whether or not plaintiff can make good fee simple title to the lands.

The defendants, H. B. Hodge, Epsy Ard and Eugenia Kelley, answered, alleging that plaintiff has a life estate only in said lands with remainder over to them or their families.

After giving his wife, who died some years ago, a life estate in the said lands, the testator provides in the second clause of his will as follows:

"It is my will and desire that all my estate remaining at the death of my wife, Harriet Priscilla Hodge, shall be equally divided between my following children, to wit, Epsy Sarah, Martha Weltby, Henry Bethea, Elisha Booth and Eugenia Elsie Hodge, share and share alike, should any of the above named children mentioned die without heirs or children of their own body, the property—all—personal or otherwise, shall recur to my children mentioned in article second or to their families, share and share alike."

The above exact reproduction of the second clause of the will is all that we need consider, except that in the next clause he recites that he has six children other than those named, but makes it clear that he has already provided for them and that they are not to have any of the property devised to those named above. The evidence discloses that Martha Weltby, named in the will, is the plaintiff in this case.

The attorney for the defendants, except Joel Davis and Elisha Hodge, contend that plaintiff has only a life estate in said lands. The attorney for the plaintiff contends that she takes under the term of said will an estate in fee conditional, with remainder over, and relies in great part upon the recent case of *DuBose* v. *Fleming,* 93 S. C. 183, 76 S. E. 277, as sustaining this position. And as it is undisputed that plaintiff now has a child living, he contends that she can convey to Joel Davis a fee in said lands.

An examination of the report of the case just mentioned will show that it can have only the force and effect as authority that is imparted to it by the opinion of the distinguished Justice who delivered it. Three out of four Justices present were careful to concur in the result only.

There is no such estate known to our jurisprudence as a remainder after a fee, whether such fee be absolute, con-

ditional or defeasible.    So far as I have been able to ascertain, there is only one decision of our Court of last resort, to wit, *Heyward* v. *Cruger,* 2 S. C. Eq. (2 DeS.) 94, which holds that a remainder can be limited after a fee conditional, and that case, or at least the principle it enunciated, has been repudiated in every case in which the question arose since *Selman* v. *Robertson,* 46 S. C. 262, 24 S. E. 187, 26 L. R. A. 345.    It has been uniformly held, however, that a limitation over by way of executory devise may be made after any of the estates mentioned.    The principle is that once a fee is granted, there is nothing left for a remainder. See a very learned and interesting discussion of above subjects in *Selman* v. *Robertson,* 46 S. C. 262, 24 S. E. 187, 26 L. R. A. 345, by the late Chief Justice McIver.

The law of real estate involves the most abstruse problems with which the Court and the bar are confronted today. The great jurist, John Belton O'Neal, said as far back as 1831, *Bedon* v. *Bedon,* 18 S. C. L. (2 Bail.) 231 : "The law of real estate ought to, from its continual and daily application to the transmission of estates by descent, and their conveyance by deed or devise, be plain and intelligible, but as transmitted to us from that country from which our legal institutions are derived, it is so encumbered by artificial rules and distinctions, that even the most learned there have acknowledged themselves to be but apprentices to the science."    This great Judge did a great service in assisting to clarify the law of real property in this State, but the great difficulty still is in its application.    But to return to the case before us : In a will no words of inheritance are necessary to convey a fee simple estate, and in the will now under consideration, if it were not for the after added words, "should any of the above named children mentioned die without heirs or children of their own body, the property, all, personal or otherwise, shall recur to my children mentioned in article second, or to their families, share and share alike," each of the devisees would take a fee simple in the lands.    If,

then, without the words in quotations, the devisees take a fee, what effect do such words have upon the fee simple thus granted? I am satisfied that the word children as first used in the clause set out *verbatim,* must be construed "heirs of the body." It is true that the testator had just used the words "heirs of the body," but it is manifest that he does not intend that the estate shall go over in case the first takers leave any heirs of the body living at the time of their deaths, as he has used the words "children" and "heirs of the body" interchangeably. If we hold that he used the last mentioned words in quotations to mean "children," then in case one of said devisees died leaving grandchildren alive at their death, but no children, then the estate would have to go over. This he very evidently did not intend.

We must remember that in construing this will the provisions of the act of 1853, Civ. Code 1912, sec. 3551, must be read into it. Adopting the above construction of the word "children," transposing somewhat, but retaining the sense of the clause referred to, inserting the provisions of the act mentioned, the said clause would read as follows, in reference to plaintiff:

"I give 1-5 of said lands and personal property to my daughter, Martha Weltby, but should she die without heirs of her body, living at the time of her death, the said property, all, personal or otherwise, shall recur to my children mentioned in art. 2 or to their families, share and share alike."

One of the essential attributes of a fee conditional is a possibility of a reverter. A glance at the clause in question is sufficient to convince us that the estate of Martha is not a fee conditional, because its provisions do not contain anything that can be construed to carry such possibility of reverter. The testator does not provide that anything shall go back to his estate, but says that "all of my estate" shall go as directed, first to the children named, and if any of them die without heirs of the body

living at their deaths, then their part to go over to the other children, etc.

It will be observed, however, that there is no direct gift to the heirs of the body of the first takers, and they can take nothing under the will unless by implication. In a will "heirs of the body" and "issue" are almost invariably held to be synonymous, and in the noted case of *Carr* v. *Porter,* 6 S. C. Eq. (1 McC. Ch.) 60, it was held that "issue" generally could not take an estate in lands by implication. It is true that in the case before us we have to deal not with the term "issue" used in its general sense, meaning an indefinite succession as in *Carr* v. *Porter, supra,* but issue living at the death of the first takers. But Justice Nott, who wrote the opinion in the said case, which became the law from that time, also said by way of *obiter,* that even in case such as we are now considering, the issue could not take as purchasers, and while the point has not, so far as I can recall, been decided by our Supreme Court since Judge Nott's day, still there are some dicta of quite recent date tending to show that his opinion still prevails. However, implication is not resorted to unless absolutely necessary, and I do not think the situation which now faces us demands it.

Basing my construction in great part upon the principles announced by Judge O'Neal in the case of *Bedon* v. *Bedon, supra,* 18 S. C. L. (2 Bail.) 231, I am constrained to hold that the plaintiff takes under said will a fee simple estate, defeasible upon her death without heirs of her body living at the time of her death. If she dies leaving heirs of her body living at that time, then her estate becomes absolute. If she leaves no such heirs alive at her death then the executory devise the estate goes over to the other children or their families. In addition to the authority already mentioned, see *Thompson* v. *Peake,* 38 S. C. 440, 17 S. E. 45, 725; *Gordon* v. *Gordon,* 32 S. C. 563, 11 S. E. 334; *Shaw* v. *Irwin,* 41 S. C. 209, 19 S. E. 499; *Durant* v. *Nash,* 30 S. C. 184, 9 S. E. 19.

If Martha dies leaving heirs of her body alive at her death, then if she has not disposed of it, the property will descend to such heirs and her husband, if she has one surviving her. They will thus take by descent, and not by purchase.

I think the above construction fully effectuates the intention of the testator, is not in conflict with any rule of law or construction, so far as my limited research has disclosed, and is supported by the principles approved in the cases above quoted.

It is, therefore, adjudged and decreed that the plaintiff, Mattie W. Davis, take under the provisions of the said will of Elias Hodge an estate in fee simple, defeasible upon her death without heirs of her body living at the time of her death, in the lands above described, with an executory devised over to the other children of testator named in said will or their families. In case of the death of the said Mattie W. Davis leaving heirs of her body alive at her death, then her estate in said lands becomes absolute. If she leaves no such heirs alive at her death, then the executory devise becomes effective, and the estate goes over to the other devisees named or their "families;" and it is further adjudged and decreed, that the parol partition of the said lands devised by the said Elias Hodge as set out in the complaint be, and hereby is, confirmed, and made the order of this Court, the quantity and quality of the estates taken in said lands under the terms of the said will is determined by the judgment hereinabove as to the estate taken in such lands by the plaintiff.

The exceptions were as follows:

1. It is respectfully submitted that his Honor, the trial Judge, erred in holding that the plaintiff takes under the provisions of the will of Elias Hodge an estate in fee simple, defeasible upon her death without heirs of her body living at the time of her death in the lands above described, with an

executory devise over in case said fee is defeated; the error being that the plaintiff took an estate in fee conditional in said lands under said will, conditioned upon the birth of heirs of her body, and his Honor should have so held.

2. That his Honor, the trial Judge, erred in holding that the plaintiff takes under the provisions of the will of Elias Hodge an estate in fee simple, defeasible upon her death without heirs of her body living at the time of her death in the lands above described, with an executory devise over in case said fee is defeated, because, it appearing by the undisputed evidence in the case that Harriet Hodge, the life tenant under the will of Elias Hodge, has long since died, being survived by the plaintiff, his Honor should have held, if said will conveyed a fee simple estate at all, that the limitation over therein contained applied only in case of the death of one of the children named in article two of said will, without heirs of her body, before the death of Harriet Hodge, the life tenant, and, therefore, plaintiff now has a fee simple absolute estate in said land, and plaintiff can now convey said land in fee simple absolute.

*Messrs. L. D. Jennings, A. S. Harby* and *R. D. Epps,* for appellant, cite: Civil Code, secs. 3571 and 3551. *Rule of construction:* 26 S. C. 564; 30 S. C. 188. *Gift unaffected by limitation over:* 48 S. C. 440; 1 Rich. Eq. 404; 3 Rich. Eq. 384. *Cases distinguished:* 8 Rich. Eq. 259, 267; 38 S. C. 440; 3 Rich. Eq. 384. *Estates by implication:* 70 S. C. 125. *Heirs of body take by descent:* 17 S. C. 551; 65 S. C. 354; 5 Rich. Eq. 443; 32 S. C. 563; 4 Rich. Eq. 262, 264; 1 Rich. 404; 4 Strob. Eq. 49; 2 Strob. Ch. 174; 48 S. C. 440; 94 S. C. 308; 3 Rich. Eq. 271. *Cases distinguished:* 2 Bail. 231. *Survivorship referred to death of life tenant:* 6 Rich. Eq. 83; 40 Cyc. 1505; 1 Rich. Eq. 265; *Ib.* 266; 26 S. C. 561, 565; 7 Rich. Eq. 105; 6 Rich. Eq. 83; 35 Ky. 424; 98 N. Y. 517; 127 Pa. St. 230; 14 Am. St. Rep. 837; 13 Ind. 391; 33 N. E. 92; 44 S. W. 773; 51 S. W. 570; 58

S. W. 773; 36 Atl. 273; 54 N. J. Eq. 714; 78 N. Y. Supl. 245; 27 Pa. Super. Ct. 428; 30 S. C. 184; 95 S. C. 276; 42 S. C. 436.

*Mr. John H. Clifton,* for respondents.

September 29, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons therein assigned, the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS and GAGE concur in the opinion of the Court.

MR. JUSTICE HYDRICK, *concurring.* I concur in the view that plaintiff's title is a fee simple, defeasible on her death without leaving heirs of her body; therefore, subject to that contingency, she can convey a good title.

MR. JUSTICE FRASER, *dissenting.* I dissent. It seems to me that the remaindermen who survived the wife, the life tenant, took a fee.