## 10535

### SCHNELL v. SOTTILE *ET AL.*

#### (105 S. E. 415.)

Wills — Will and Codicils Construed to Give Son Defeasible Fee Simple Title Subject to Defeat on Death Without Children.— A will bequeathing all real and personal estate to testator's son, a first codicil giving money to testator's sister-in-law, and a second codicil forbidding testator's son to transfer any right in real or personal property or money to the son's wife and providing for distribution should the son die without children, construed to give the son, alive at testator's death, fee simple title defeasible on his dying without leaving children, so that he cannot convey an indefeasible title.

Before Sease, J., Charleston, October term, 1920. Reversed.

Action by Ferdinand M. A. Schnell against Albert Sottile, Adele C. Schnell, August M. Schnell and Augusta Schnell

This is a suit to determine the interests of appellants under their answers in and to the estate of the late Ferdinand Leopold Schnell and for specific performance of a contract of sale of property in the city of Charleston agreed to be bought and sold for the sum of sixty-two thousand five hundred dollars made by plaintiff-respondent claiming to be the sole owner in fee thereof and the defendant, Albert Sottile, involving the construction of the will and codicils of the said late Ferdinand Leopold Schnell which were duly admitted to probate in the probate Court for Charleston county on the 22d of November, 1918, and are as follows:

"Charleston, November 3, 1893. State of South Carolina. The last will and testament of Ferdinand Leopold Schnell.

I, Ferdinand Leopold Schnell, considering the uncertainty of this mortal life and being of sound mind and memory, do make and publish this my last will and testament in manner and form following:

I give and bequeath unto my beloved son, Ferdinand Martin August Schnell, all my real and personal estate, goods, stock of what kind and nature so ever.

I hereby appoint my beloved son, Ferdinand Martin August Schnell sole executor of this my last will and testament.

In witness whereof, I have hereunto set my hand and seal, the 3d day of November, in the year of our Lord one thousand eight hundred and ninety-three. (Signed) Ferdinand Leopold Schnell. (L. S.) Duly attested by three witnesses.

"Charleston, May 4, 1904. 1st Codicil. I give to my sister-in-law, Mrs. A. C. Schnell, widow of Robert H. Schnell, three thousand dollars. (Signed) Ferdinand Leopold Schnell. (L. S.) Duly attested by three witnesses.

"Charleston, October 30, 1908. After my death, my son, F. M. A. Schnell, gets possession of all my estate.

But my son, F. M. A. Schnell, has no right to transfer any part of the estate, either real estate or money, to the name of his wife.

Should my son, F. M. A. Schnell, die and leave no children, then Mr. John H. Puckhaber shall act as executor, sell all the real estate and collect everything, the furniture in 58 Society St. cannot be sold as they belong partly to F. M. A. Schnell, wife, and partly to Mrs. Adele C. Schnell.

After Mr. John H. Puckhaber has everything in his hand then the following division shall be made: One-third goes to the widow of F. M. A. Schnell, but no dower; one-third goes to Mrs. Adele C. Schnell; one-third to M. A. Schnell.

Witness whereof I have hereunto set my hand and seal. (Signed) Ferdinand Leopold Schnell." (L. S.) Duly attested by three witnesses.

The question of the specific performance of the contract of sale has been eliminated from the case by an order of the Court directing the master to make a deed conveying the property in question to the defendant, Albert Sottile, and the sole issue for determination by this Court is as to the proper construction of the will and codicils above set forth for the purpose of determining whether or not the defendants-appellants, Adele C. Schnell and August M. Schnell, have any interest thereunder in the estate of the testator as claimed in their answers duly served and filed in the case.

The case was duly argued before Judge Sease, who, at the conclusion of the argument, announced his decision from the bench and made and filed an order, of which the following is pertinent to the questions involved in this appeal:

"This is an action involving * * * construction of the will and codicils of Ferdinand Leopold Schnell. Upon hearing arguments and considering questions of law arising in this case I am of the opinion that a proper construction of the said will and codicils is to give to Ferdinad M. A. Schnell a fee simple in the property described in the complaint, he being alive at the time of the death of the testator."

That thereafter notice of intention to appeal from the foregoing order and decision of the Court, and the following exceptions on behalf of the defendants-appellants, Adele C. Schnell and August M. Schnell, were duly served:

Exceptions: The defendants-appellants, Adele C. Schnell and August M. Schnell, except to and appeal from the order of his Honor, Judge Sease, above set forth on the following grounds:

That the said Judge erred in holding and deciding that "a proper construction of the said will and codicils is to

give to Ferdinand M. A. Schnell a fee simple in property described in the complaint, he being alive at the time of the death of the testator;" whereas, he should have held that the said Ferdinand M. A. Schnell took at most thereunder a fee, defeasible upon his death leaving no children; and that in such event the defendants-appellants, Adele C. Schnell and August M. Schnell, as executory devisees, are entitled each to one-third interest in the testator's estate and that the limitation as to the death of the said Ferdinand M. A. Schnell leaving no children means death at any time and is not confined to his death within the lifetime of the testator.

*Messrs. Hagood, Rivers & Young,* for appellants, cite: *Rule for construction of wills:* 104 S. C. 441. *Force and effect of a codicil:* 40 Cyc. 1421. *Limitation as to death of F. M. A. Schnell applies to his death after testator:* 46 S. C. 262. *Contention of respondent is not sustained by 7 Rich. Eq. 105. And this Court has so held:* 93 S. C. 182. *Limitation on the death of the first taker without children means his death whenever it may occur:* 8 Rich. Eq. 259; 10 Rich. Eq. 394; 42 S. C. 436; 1 Hill Eq. 154; Rich. Eq. Cases 357; 5 Rich. Eq. 214. *Limitation over is not void for remoteness:* 1 Civ. Code 1912, sec. 3551; 6 Rich. Eq. 399; 102 S. C. 178.

*Messrs. Ficken & Erckmann,* for respondents, cite: *Will and codicils must be read together:* 110 S. C. 130. *The expression, "Shall come into possession of all my property," denotes the devise of a fee simple estate:* 87 S. C. 55. *Limitation as to death of son referred to his death in the lifetime of testator:* 7 Rich. Eq. 105; 1 DeS. Eq. 137; 42 S. C. 441; 46 S. C. 273. *An estate given in clear words will not be cut down or enlarged by superadded words unless they raise an irresistible inference that such was the intention of testator:* 109 S. C. 422; 102 S. C. 7; 93 S. C. 213; 87 S. C. 55; 77 S. C. 458; 77 S. C. 274.

December 20, 1920.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an appeal from an order of his Honor, Judge Sease, which the following is pertinent to the question involved in this appeal:

"This is an action involving * * * construction of the will and codicils of Ferdinand Leopold Schnell.

"Upon hearing arguments and considering questions of law arising in this case, I am of the opinion that a proper construction of the said will and codicils is to give Ferdinand M. A. Schnell a fee simple in the property described in the complaint; he being alive at the time of the death of the testator."

The order appealed from must be reversed. A proper construction of the will and codicil makes clear the intent of the testator that the disposition of his property is to take place after testator's death. If the son had predeceased him, he could not take possession of the property. By his codicil he expressly provides after his death.

The son took a fee defeasible, on his dying without leaving children. This he may do, and, if he does, his fee will be defeated and the limitation over will take effect. Hence he cannot convey an indefeasible title.

Order appealed from is reversed.

Messrs. Justices Hydrick and Fraser concur.

Mr. Chief Justice Gary and Mr. Justice Gage absent on account of sickness.