## 10779

### KENNEDY *ET AL* v. ROGERS

(110 S. E. 107)

1. WILLS—CODICIL CONSTRUED AS CHANGING ABSOLUTE DEVISE IN WILL TO A DEFEASIBLE TITLE TO THE PROPERTY.—Where a will provided that the children of testator should receive his property in equal shares, and the issue of a predeceased child should take per stirpes the parent's share, and a codicil provided that if R., the son of testator's deceased daughter, should die without heirs of his body, his share should revert to the other heirs in equal shares, but, if he should leave lawfully begotten heirs of his body, the codicil should be of no effect, the effect of the codicil was to convert the absolute estate given in the will into an estate defeasible upon the happening of a specific event, and the devisee is entitled to the possession of the estate until the defeasance occurs.

2. WILLS—PROVISIONS GRANTING POWERS TO EXECUTORS HELD NOT TO AUTHORIZE WITHHOLDING PROPERTY FROM DEVISEE.—A provision that the executors should have power to carry the will into effect by taking such steps, at such times and places as in their discretion may be necessary, was superfluous, and a further provision that dis-

putes concerning anything contained in the will should be referred to the executors, and that their act should be conclusive on all persons concerned, refers only to administrative matters, and neither provision confers authority upon the executors to retain control of a devise of property subject to defeasance upon the happening of an event in the future and pay to the devisee only the income.

Before RICE, J., Barnwell, July, 1921. Reversed and remanded.

Suit by Arthur M. Kennedy and others against William K. Rogers. From a decree for plaintiffs construing a will, and ordering plaintiffs, the executors, to make a certain accounting to ascertain the share to which defendant, Rogers, might be entitled, and to hold it until the possibility of a defeasance had disappeared, defendant appeals. Reversed and remanded.

The following is a copy of the decree below:

This matter came on to be heard at chambers on the consent of counsel who represent the plaintiffs and the defendant, all of whom are of age.

The complaint is an application to the Court of Equity, of the executors of W. H. Kennedy, late of Williston, in the County and State aforesaid, for the construction of his will, which is set forth in its entirety as an exhibit to the complaint. In this application the plaintiff, Mrs. Owens, who is a daughter of the testator and one of the beneficiaries under the will, joins. The defendant, William Kennedy Rogers, is a grandson of the testator. He has accepted service of the summons and complaint herein, and has filed an answer by counsel, who appear for him in the case and represented him at the hearing.

The matter was heard before me upon the pleadings, including therein the will and codicil (they together constituting the last will and testament of the testator), and the answer, and these pleadings bring up the matter fully and clearly for the construction of the will prayed for by the plaintiffs. From the pleadings and the admission of the

answer it is established that the plaintiffs, Arthur M., Quincy A., and James Edward Kennedy, are the sons of testator, W. H. Kennedy, and that their sister, the plaintiff, Marie Kennedy Owens, is the daughter of said testator, and that they at the time of the making of the will, and the time of the death of the testator, were all married and had children, and that they now have children. It also appears that the defendant is a grandson of the testator, being the only child of a predeceased daughter, Mattie L. K. Rogers, and that said Mattie L. K. Rogers was not alive at the time of the making of the will, and that said defendant, William Kennedy Rogers, is a single man, never having been married, and having no children.

The codicil, which becomes a part of the last will and testament, in its second item or paragraph, provides: "In the event that my beloved grandson, William Kennedy Rogers, son of my deceased daughter, Mattie Lou Kennedy Rogers, shall die without heirs of his body lawfully begotten, I hereby direct that such share of my estate, both real and personal, shall revert to my other heirs as provided for in the foregoing will—they to share and share alike, and in case my said grandson shall leave such lawfully begotten heirs of his body, then this codicil to be of no effect and he is to share and share alike in the foregoing will and testament."

This item in the codicil in order to solve the question under consideration, has to be considered and construed along with item 3 of the will, which is as follows: "I hereby nominate, constitute and appoint beloved sons, A. M. Kennedy, Q. A. Kennedy, and J. E. Kennedy, of the town of Williston, County of Barnwell, and State of South Carolina, executors of this my last will and testament, and I hereby authorize them to carry this will into effect, by taking such steps at such times and places as in their discretion may be necessary. My express will is that I hereby order and appoint that, if any differences shall arise, or

happen concerning anything contained in this will and testament that no suit shall be brought concerning the same; but the same shall be referred wholly to the award of my executors herein named, and what they shall order, direct and determine therein shall be binding and conclusive on all persons concerned."

Considering the last clause of the second item of the codicil by itself and alone, in the verbiage used therein, which is as follows: "In case my grandson shall leave lawfully begotten heirs of his body, then this codicil to be of no effect, and he is to share and share alike as provided for in the foregoing will and testament"—there may be some ground for holding that what estate Rogers acquired under the will was but a life estate; but, when we consider other clauses of item second of the codicil, we are constrained to hold the defendant, Rogers, under the entire last will and testament of the testator, acquired a fee defeasible in the portion of the estate which is to go to him. This seems to be in accordance with the decisions of our Supreme Court, both recent and older. *Schnell v. Sottile et al.,* 105 S. E., 415; *Smith v. Clinkscales,* 102 S. C., 227; 85 S. E., 1064; *Walker v. Alverson,* 87 S. C., 55; 68 S. E., 966; 30 L. R. A. (N. S.) 115.

If this second item of the codicil was alone to be considered in the construction to be determined as to what the testator intended, which is the true criterion on which a will must be construed, then it would have to be admitted according to the authorities that Rogers, having a fee defeasible in the legacies and devises under the will, would be entitled to the possession of the property until it was determined whether the property should belong to him absolutely, or would revert to the other children of the testator, or to the children of the other children. But, following out the aforesaid rule of construction, we have to consider all and every part of the instrument in question, to give a proper judicial construction as to what is meant.

The third item of the will gives to the executors potent, full, and exhaustive powers for the protection of the entire estate and for the preservation of the same, for all parties who are interested under the will, and according to law it is very clear, and no authority need be quoted to sustain the same, that the executors must care for not only themselves, and not only the beneficiaries mentioned in the will, but all remaindermen that may arise from any contingency that is to happen under the will; and the will provides that, if Rogers has no children upon a certain event, the estate reverts or goes to the other children of the testator; if they are not living, it goes to their children as representatives of the parents, and the facts show that all of the plaintiffs are married people and have children.

This being the case, the Court is constrained to hold, and does hold, that according to the true intent and meaning of the testator for the preservation of his estate, the defendant, Rogers, holds a fee defeasible in the property in question, subject to the possession and control of the executors under the full powers given them in the third item of the will, and, this being so, that while Rogers is entitled to the income from personal estate and the real estate which may constitute his share or portion, he is not entitled to the actual possession of the same, but that the same remains in the executors under the powers in the will.

It should be noted that the third item of the will provides specifically: "That if any difference shall arise or happen concerning anything contained in the will or testament, that no suit shall be brought concerning the same, but the same shall be referred wholly to the award of my executors herein and what they shall order, direct and determine herein shall be binding and conclusive on all persons concerned."

In the complaint the executors (Mrs. Owens joining with them) set forth completely what they claim is a proper construction of the will in this matter, viz.: "That the

true intent and purpose of the will is that the said William Kennedy Rogers does not obtain or take an absolute estate, in said portion or part of the estate, but that he would only have a usufruct in said portion or part during his life, or until at least he has issue, which is not the case, and, if he should die without issue or bodily heirs, his portion or part should revert to the other legatees or devisees named in the will, or, if they be dead, to their children then living at the time of such reversion." And they further set forth that, entertaining this to be the proper construction of the will, they are met with the demand and claim by the defendant, William Kennedy Rogers, that the share or portion of the estate that may be allotted to him under the second item of the codicil of the will should go to him absolutely, to be dealt with as he sees fit.

The Court is constrained, under what it conceives to be the true intent of the testator, to hold that the construction contended for by the executors and Mrs. Owens is correct, and the same is the judgment of this Court. It seems to the Court that the executors should prepare forthwith an account of their actings and doings as such, stating therein the property which came into their possession as executors, and what parts or portions thereof they may have sold and for what prices, and also what advances have been made to the various beneficiaries under the will, and what income they have received from the real and personal property, and what expenditures they have been compelled to make, and what they intend shall be the share or portion of William Kennedy Rogers, and the remaindermen who may succeed him in the property that is still in the hands of the executors, and what same shall consist of, and that such report should be presented to the defendant and his counsel, and, if accepted by them to be correct, and in accordance with the will and the decision of the Court as aforesaid, then the same should be filed with the Clerk of this Court

and also the Judge of the Probate Court for Barnwell County. If, however, upon the filing of said report and the service thereof upon the defendant's counsel, objection is made to the value of the property so set apart as share for the benefit of defendant hereunder, leave is given to the defendant, through his counsel, to apply for an order of reference to the Master of Barnwell County to inquire and report upon the matter in question.

All parties have leave, if they are so advised, to apply for any other orders to carry out this decision.

*Messrs. Holman & Boulware,* for appellant, cite: *Rights of life tenant:* 2 Rich. Eq., 259; 1 Story Eq., Sec. 604. *Testator's choice of Executors must be respected:* 18 S. C., 396; 115 S. C., 145.

*Messrs. Hendersons,* for respondents, cite: *Courts cannot make or change wills—they can only construe them:* 18 S. C., 193; 31 S. C., 198; 112 S. C., 296; 116 S. C., 7.

December 19, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action by the executors of the will of W. H. Kennedy, deceased, for the purpose of obtaining a judicial construction of the will, particularly with reference to the interest and rights of the defendant, W. K. Rogers, a grandson of the testator.

The testator left surviving him three sons, A. M. Kennedy, Q. A. Kennedy, and J. E. Kennedy, a daughter, Marie K. Owens, and a grandson, W. K. Rogers, a son of a predeceased daughter, Mattie L. K. Rogers. All of these parties are married and have living children except the defendant, W. K. Rogers, who has never married.

He directed in his will that his property, after the payment of debts, should go to his children, share and share alike, the issue of a predeceased child to take per stirpes, the parent's share. In a codicil he provided that if his·

grandson, W. K. Rogers, should die without heirs of his body, his share should revert to the other heirs above named, share and share alike, but that, if he should leave said lawfully begotten heirs of his body, the codicil should be of no effect.

He appointed his three sons above named executors of the will, and accompanied the appointment with this clause:

"I hereby authorize them to carry this will into effect by taking such steps at such times and places as in their discretion may be necessary. My express will is, that I hereby order and appoint, that if any differences shall arise or happen concerning anything contained in this will and testament, that no suit shall be brought concerning same; but the same shall be referred wholly to the award of my executors herein named, and what they shall order, direct and determine therein shall be binding and conclusive on all persons concerned."

The executors, with great propriety (considering their personal interest in the matter), have not attempted to conclude the defendant by their interpretation of the will under a possible authority in the clause last above quoted, but have submitted the construction of the will to the Court, at the same time contending (their sister, Mrs. Owens, joining in the contention) that—

"The true intent and purpose of the will is that the said William Kennedy Rogers does not obtain or take an absolute estate in said portion or part of the estate, but that he would only have a usufruct in said portion or part during his life, or at least until he has issue, which is not the case, and if he should die without issue or bodily heirs, his portion or part should revert to the other legatees or devisees named in the will, or, if they be dead, to their children then living at the time of such reversion."

The case was tried by Judge Rice upon the pleadings, to which was appended a copy of the will. In a decree filed by him the contention of the executors and Mrs. Owens was

sustained, and a certain accounting was ordered to be made by the executors for the purpose of ascertaining the share to which W. K. Rogers might be entitled, and holding it until the possibility of a defeasance had disappeared. His decree will be reported. The defendant has appealed from that decree, and practically (although there are five exceptions) relies upon this proposition: That the testator intended that W. K. Rogers should take a fee defeasible title to all such property as should be awarded to him, in a fair distribution of the estate, with the right to the immediate possession thereof, to continue until his estate should determine by the happening of the specific condition in the devise.

The original will, unaffected by the codicil, gave W. K. Rogers an absolute title to the share which his mother would have received if alive. The effect of the codicil is simply to convert that absolute estate into an estate defeasible upon the happening of the specific event. There is nothing in the codicil, effecting this conversion, which creates a trust in the executors, such as they will necessarily have if their contention be sustained. The provision in the original will (which contained the absolute devise to W. K. Rogers), giving them the authority to carry out the provision of the will was entirely superfluous, and the provision in referring to settling disputes related only to administrative matters. Neither could have conferred authority upon the executors to make vital changes in the disposition of the estate. There is nothing in either the will or the codicil that alters the rule that the tenant of a defeasible estate is entitled to the possession of it until the defeasance shall have occurred.

The executors should be directed to make a full accounting of their receipts and disbursements, and pay over to the defendant his share under the will. In reference to the real estate, if the parties who are all of age cannot agree upon a division, such orders should be taken in the Court below as will effectuate a partition.

: ˙ I ˙think that ˙the decree should be reversed, and the cause remanded to the Circuit Court for the purpose of carrying into effect the conclusions herein announced.

˙ ˙ This being the, opinion of a majority of the Court, it is so ordered.

- JUSTICES WATTS and FRASER concur.

- MR. ˙ CHIEF JUSTICE GARY (dissenting):        The following statement appears in the record:

˙ "This suit was commenced by ˙ service of summons and complaint December 22, 1920, and was brought by the executors of the ˙will of W. H. Kennedy, together with the respondent, Owens, a daughter, devisee, and legatee of W. H. Kennedy, deceased, against the appellant, a grandson, and devisee and legatee of the testator, for a consideration of the last will and testament of W. H. Kennedy, deceased.

"The matter was heard by consent by Judge Rice at Chambers, upon the pleadings and the will, without the taking of any testimony, and resulted in his decree, dated July 2, 1921, hereinafter printed, from which due notice of intention to appeal to the Supreme Court was given upon grounds of exception hereinafter printed."

˙The appellant's attorneys in their argument make this statement:

"His Honor held, as was conceded· by all parties, that appellant takes a fee defeasible estate; but his construe went further and held that, on account of his construction and the construction of the executors of item 3 of the will, the fee defeasible estate of the appellant is subject to the possession and control of the executors under the full powers given to them in the third item of the will, and that the appellant is entitled only to the income from both the real and personal estate which may constitute his portion and is not entitled to actual possession of the same.

"The judgment of the Court that the executors of this will shall have actual possession and· control of the prop-

erty of appellant is the cause of this appeal. This is the only point for the consideration of the Court, although, in order to point out the alleged errors in the reasoning of the Court below, we have found it necessary to present to this Court five exceptions."

For the reasons assigned by his Honor, the Circuit Judge, I am of the opinion that the exceptions raising the said question should be overruled and the judgment of the Circuit Court should be affirmed.