## 12462

### DRUMMOND v. DRUMMOND *ET AL.*

#### (148 S. E., 818)

1. WILLS—WITHOUT JOINING ALL HEIRS, DEVISEE COULD MAINTAIN SUIT FOR CONSTRUCTION OF WILL AGAINST HEIRS NAMED INDIVID-UALLY AND AS REPRESENTATIVES OF ALL OTHER HEIRS.—Complaint by devisee for construction of will, alleging that heirs at law of testator living were very numerous and many of them were un-known to plaintiff, and that it was impracticable and impossible to bring all of them before Court, and that certain heirs at law were made parties defendant for purpose of appearing therein on behalf of themselves and all other heirs at law of testator who were then living or might come into being in future, *held* not subject to demurrer on ground of nonjoinder of necessary parties defendant.

2. WILLS—UNDER WILL DEVISING PROPERTY TO SON, WITH REVER-SION TO TESTATOR'S HEIRS IF SON DIED WITHOUT ISSUE, SON TOOK DEFEASIBLE FEE, THOUGH HE HAD CHILDREN (CIV. CODE 1922, § 5323).—Under will devising land to son, and providing that, if son should die without issue, land should revert back to heirs of tes-tator's body, son's children took no estate, directly or by impli-cation, and son took defeasible fee, under Civ. Code 1922, § 5323, which did not become indefeasible on birth of his children.

3. Wills—Under Will Devising Property to Son, With Reversion to Heirs if Son Died Childless, Limitation Over Would Take Effect as Executory Devise.—Under will devising property to son, and providing that, should son die without issue, property should revert back to heirs of testator's body, limitation over on dying without issue would take effect only as an executory devise.

Before Townsend, J., Spartanburg, March, 1927. Decree modified.

Action by P. H. Drummond, individually and as devisee under the will of Warren Drummond, deceased, against J. N. Drummond and others, individually and as heirs at law of Warren Drummond, deceased, for themselves and all other heirs at law of Warren Drummond, deceased, and others. From the decree, defendants appeal.

The agreed statement of facts and the decree of the lower Court are as follows:

## Agreed Statement of Facts

This case was submitted to Judge Townsend on the following agreed statement of facts, and they embrace the only pertinent facts involved, none of them being disputed:

"This is an action, brought by the plaintiff, Pearce H. Drummond, son of Warren Drummond, deceased, for the construction of the will of the said Warren Drummond, deceased, under the terms of which plaintiff is devisee of a certain tract of land in Spartanburg County, South Carolina. All the parties named as defendants are properly before the Court, as is shown by acceptances of service by all defendants.

"The first four named defendants are made parties to the action as representatives of the class of heirs at law of Warren Drummond, deceased. The other defendants are children of plaintiff, except Mrs. Pearce H. Drummond, who is his wife. There are only two questions presented to the Court to pass upon, *i. e.:* (1) Is this a proper action to be brought as a class suit, by making a few representatives parties to represent the whole class? and (2) what construction is

to be placed upon the terms and provisions of the devise to plaintiff under the will of Warren Drummond, deceased?

"The defendants have demurred to the complaint on the ground that this is not a proper action for representation by a few of a class, and that all heirs at law of Warren Drummond, deceased, should be brought personally before the Court.

"Warren Drummond, deceased, was married three times, and at the time of his death left the following children: Sam Drummond, Amaryllis Wofford, H. E. Drummond, Amanda Eatman, Mrs. Julia Switzer, Martha Snoddy, Susannah Parsons, and the plaintiff, nine in all. All of these children left children and grandchildren, and there are now several generations of heirs at law of Warren Drummond, deceased. These heirs at law are numerous and reside at various parts of the world. The question is: Should they all be brought personally before the Court, or may the plaintiff make a few of them parties to this action, as representatives of the whole class?

"The only question presented in regard to the will of Warren Drummond, deceased, is as to the meaning of the following provisions thereof: 'I will and bequeath to my son, Warren H. Drummond, lot No. 2, lying on the west side of the first line in the above-named division, joining lands of Aaron Arnold and others, said lot No. 2 to be rented, and the proceeds of same to pay taxes for same, and the remainder, if any, to be added to Pearce H. Drummond's interest. Should Pearce H. Drummond or Susannah H. Drummond (Susanna Parsons) die without issue, lots Nos. 2 and 3, willed to Pearce H. Drummond and Susannah H. Drummond, to revert back to the heirs of my body.'

"Susannah H. Drummond (Parsons) is now dead, having left issue, and there is therefore no questionas to tract No. 3. The question presented is as to what estate Pearce H. Drummond, the plaintiff, took under the terms of the will. The plaintiff contends that he took a fee conditional, and that

upon the birth of issue, he could convey same. Defendants contend that the provisions of the will create a fee simple, defeasible upon the death of Pearce H. Drummond without issue."

It is agreed between Thos. B. Butler, Jr., plaintiff's attorney, and Samuel R. Watt, defendants' attorney, that the foregoing is a correct statement of the facts, none of which are disputed, and that the issues, as stated, are the only issues involved in the case.

### DECREE

This is an action to obtain a construction of the will of Warren Drummond, deceased, in so far as it relates to the tract of land therein devised to the plaintiff, and described in the complaint.

The will gives to the plaintiff, P. H. Drummond, lot No. 2, describing it, and further provides: "Should Pearce H. Drummond die without issue, lot No. 2. * * * to revert back to the heirs of *my* body."

Some, but not all, of the heirs of Warren Drummond and the children of the plaintiff are made parties to this action, as representing themselves and the others, who may claim a like interest under the will. The demurrer to the complaint for defect of parties is overruled, under the authority of *Faber v. Faber,* 76 S. C., 156; 56 S. E., 677, and *Whitaker v. Manson,* 84 S. C., 29; 65 S. E., 953; 137 Am. St. Rep., 835.

The will gives no estate to the children or issue of P. H. Drummond, but makes his failure to have issue the contingency on which the estate was to revert to the testator's heirs of the body. Under the will, P. H. Drummond takes a fee defeasible in lot 2, which became indefeasible upon the birth of his children. *Bedon v. Bedon,* 2 Bailey, 231. See, also, *Davis v. Hodge,* 102 S. C., 178; 86 S. E., 478. *Thomson v. Peake,* 38 S. C., 440, 452; 17 S. E., 45, 725. *Adams v. Chaplin,* 1 Hill, Eq., 265. *Cayce Land Co. v. Guignard,* 124

S. C., 443; 117 S. E., 644. *Strother v. Folk,* 123 S. C., 158; 115 S. E., 605. *Durant v. Nash,* 30 S. C., 184; 9 S. E., 19. *Barber v. Crawford,* 86 S. C., 57; 67 S. E., 1135. Under the Act March 3, 1922, 32 St. at Large, S. C., 967, the Court has power to render a declaratory judgment.

"It is therefore adjudged and decreed that, under the will of Warren Drummond, deceased, the plaintiff, Pearce H. Drummond, now has a good and indefeasible title in fee simple to the lot of land described in said will as 'lot No. 2, lying on the west side of the first line in the above-named divison, joining lands of Aaron Arnold and others.'"

*Mr. Samuel R. Watt,* for appellants, cites: *As to the question of class suits:* 92 S. C., 515; 22 S. C., 323. *Construction of will:* 2 Bail., 231; 38 S. C., 440; 86 S. C., 57; 30 S. C., 184; 102 S. C., 178; 123 S. C., 158; 124 S. C., 443.

*Mr. Thos. B. Butler,* for respondent, cites: *As to nonjoinder of parties defendant:* 76 S. C., 156; 84 S. C., 29; 137 A. S. R., 835; Sec. 362, Code Proc. *Cases distinguished:* 92 S. C., 515. *As to estate created here:* 102 S. C., 178; 41 S. C., 209; 123 S. C., 127; 48 S. C., 440.

June 12, 1928.

The opinion of the Court was delivered by Mr. Justice Blease.

This is an action instituted in the Court of Common Pleas for Spartanburg County, having for its object the construction of the last will and testament of Warren Drummond, deceased. Plaintiff is a devisee under said will, and the defendants are plaintiff's children and certain heirs at law of testator. The cause came on for a hearing before Hon. W. H. Townsend, presiding Judge, at the March, 1927, term of said Court, upon an agreed statement of facts. A demurrer interposed by defendants on the ground of nonjoinder of necessary parties defendant was heard at the same time.

Judge Townsend passed a decree overruling the demurrer and construing the will. Let the agreed statement of facts and the decree of Judge Townsend be reported.

From the said decree on circuit, the defendants appeal to this Court upon exceptions which present these two questions for determination: (1) Does the complaint state a proper case for a "class suit," or should all heirs at law of testator be made parties to the action by name? (2) Did the presiding Judge correctly construe the will?

As to the first question: The complaint alleges that the testator left surviving him as his sole heirs at law at the time of his death eight children, naming them, of whom plaintiff was one; that all of said children, except the plaintiff, have since died, but left surviving them many heirs at law, some of whom are married, dead, and scattered "to the four quarters of the world," so that the heirs of testator now living are very numerous, many of them being unknown to the plaintiff, and that it is impracticable and impossible to bring all of them before the Court; that all of the children of the plaintiff are made parties defendant, and for the reason that it is impracticable and impossible to bring in all of the heirs of the testator, the defendants, J. N. Drummond, O. C. E. Drummond, Angus Parsons, and Mrs. Vera Leonard, who are heirs at law of testator, are made parties defendant to this action for the purpose of appearing therein on behalf of themselves and all other heirs at law of the testator, who are now living, or may come into being in the future. We think the cases of *Faber v. Faber,* 76 S. C., 156; 56 S. E., 677, and *Whitaker v. Manson,* 84 S. C., 29, 65 S. E., 953; 137 Am. St. Rep., 835, fully sustain the Circuit Judge in overruling the demurrer. The exceptions raising this question are overruled.

We next examine the exceptions raising the second question. That portion of the will we are called upon to construe is as follows:

"I will and bequeath to my son, Pearce H. Drummond,

lot No. 2, lying on west side of first line in the above named division, joining lands of Aaron Arnold and others, said lot No. 2 to be rented, the proceeds to pay taxes for the same and the remainder, if any, to be added to said Pearce H. Drummond's interest.    * * *    Should Pearce H. Drummond or Susannah H. Drummond die without issue, the lands, lots Nos. 2 and 3, willed to Pearce H. and Susannah H. Drummond, to revert back to the heirs of my body."

Section 5323, Vol. 3, Code of 1922, is as follows:

"Whenever, in any deed or other instrument in writing, not testamentary, hereafter executed, or in any will of a testator hereafter dying, an estate, eithed in real or personal property, shall be limited to take effect on the death of any person without heirs of the body, or issue, or issue of the body or other equivalent words, such words shall not be construed to mean an indefinite failure of issue, but a failure at the time of the death of such person."

The Circuit Judge correctly held that the children or issue of the plaintiff took no estate under the will, directly or by implication, and that the plaintiff took a fee defeasible estate; but he erred in holding that it became indefeasible upon birth of his children.    The authorities cited do not sustain this proposition.    Such is not the law.

The above-quoted Section of the Code makes *dying without issue* a definite and not an indefinite failure of issue. Should the plaintiff die leaving issue his estate will become indefeasible, but the superadded words, *"should he die without issue,"* lot No. 2 to revert back to the heirs of the body of testator, annexed a conditional limitation, which will take effect, if at all, in derogation of the preceding fee-simple estate.    This annexed conditional limitation to the fee-simple estate previously given to the plaintiff rendered said estate liable to be defeated upon the happening of the contingency named, to wit, *dying without issue*.    This view is fully supported by the following authorities: 1 Tiff., 189.   Tiedeman, Real Property (Enlarged Edition) § 2812; Leake,

Land Law, 68; 2 Bl. Com., 172 to 175; 21 C. J., 1024; 40 Cyc., 1643. *Brattle Square Church v. Grant,* 3 Gray (Mass), 142; 63 Am. Dec., 725. Gray Perpetuities 32; 40 Cyc., 1591; 21 C. J., 1024, § 206. *Walker v. Alverson,* 87 S. C., 55; 68 S. E., 966; 30 L. R. A. (N. S.), 115. *Smith v. Clinkscales,* 102 S. C., 227; 85 S. E., 1064. *Schnell v. Sottile,* 115 S. C., 275; 105 S. E., 415. *Kennedy v. Rogers,* 118 S. C., 111; 110 S. E., 107. *Bischoff v. Realty Corp.,* 95 S. C., 276; 78 S. E., 988. *Davis v. Hodge,* 102 S. C., 178; 86 S. E., 478. *Hall v. Hall,* 85 S. C., 475; 67 S. E., 735. *Thomson v. Peake,* 38 S. C., 440; 17 S. E., 45, 725. *Gordon v. Gordon,* 32 S. C., 563; 11 S. E., 334. *Perry v. Logan,* 26 S. C., Eq. (5 Rich. Eq.), 202. *Andrews v. Roye,* 46 S. C. Law (12 Rich.), 536. *Boone v. Barnes,* Rich. Eq. Cas., 357. *Adams v. Chaplin,* 9 S. C., Eq. (1 Hill, Eq), 265. *Bedon v. Bedon,* 18 S. C. Law (2 Bailey), 231. *Hudson v. Leathers,* 141 S. C., 32; 129 S. E., 196.

The limitation over upon the dying without issue can take effect only as an executory devise. The heirs of the body of testator are designated as the executory devisees. It is thus seen that it is wholly impossible to tell at this time whether or not the plaintiff will or will not die without issue. That question cannot be determined during his lifetime.

It is the judgment of this Court that the judgment of the lower Court be modified in accordance with the views herein expressed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.